UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DENISE F. COOL,

                                  Plaintiff,

   v.                                                                   1:17-CV-20 (ATB)

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

DENISE F. COOL, Plaintiff pro se
LAUREN E. MYERS, Special Asst. U.S. Attorney for Defendant

ANDREW T. BAXTER, U.S. Magistrate Judge

**MEMORANDUM-DECISION and ORDER**

      This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and the February 1, 2017 order of the Honorable David N. Hurd, United States District Judge, in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. Nos. 9, 12).

      On January 9, 2017, plaintiff commenced this action to challenge a final decision of the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits ("DIB"). (Dkt. No. 1). On January 30, 2017, this court granted plaintiff's motion for leave to proceed in forma pauperis ("IFP"). (Dkt. No. 11). Presently before the court is defendant's motion to dismiss the action based on the statute of limitations. (Dkt. No. 14). Plaintiff has responded in opposition to the motion and defendant has filed a reply. (Dkt. No. 15, 16). For the following reasons, this court

finds that no evidentiary hearing is necessary and will grant defendant's motion to dismiss.

I. **Motion to Dismiss/Timeliness of Filing**

  A. **Legal Standards**

When considering motions to dismiss, the court "construes the complaint liberally, 'accepting all factual allegations in the complaint . . . and drawing all reasonable inferences in the plaintiff's favor.'" *Bender v. Astrue*, No. 09-CV-5738, 2010 WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). The Court will consider those documents submitted by the parties which are matters of public record or which are deemed included in the complaint. *See Bender*, 2010 WL 3394264, at *3, n. 1 (citing *Pani, M.D. v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)). Because the motion is evaluated under Rule 12(b)(6), the court must also accept all factual allegations as true and draw inferences from those allegations in the light most favorable to the plaintiff.[1] *Twumwaa v. Colvin*, No. 13 Civ. 5858, 2014 WL 1928381, at *2 (S.D.N.Y. May 14, 2014) (citing *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)).

Section 405(g) of the Social Security Act permits a claimant who has been denied benefits to obtain judicial review of the Commissioner's denial by bringing a civil

---

[1] Although defendant does not specify a basis under the federal rules for this motion, courts have held that the statute of limitations defense may be asserted in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Borrero v. Colvin*, No. 14-CV-5304, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (citation omitted).

action in the judicial district of the claimant's residence within 60 days of the mailing of the Notice of Decision. 42 U.S.C. § 405(g).  The regulations provide that the sixty-day period begins to run upon the claimant's receipt of the notice, which is presumed to be five days after the date of the notifying letter. 20 C.F.R. § 422.210(c).  *See Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984).  The sixty-day limitations period must be strictly construed because it is a condition to the government's waiver of sovereign immunity. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986).  Generally, failure to timely file, even where the delay is minor, will require dismissal of the complaint. *Johnson v. Astrue*, No. 12-CV-2736, 2014 WL 2624904, at *2 (E.D.N.Y. June 12, 2014) (citing *Johnson v. Commissioner of Soc. Sec.*, 519 F. Supp. 2d 448, 448 (S.D.N.Y. 2007); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002)).

Notwithstanding the strict application of the statute of limitations, a filing may be deemed timely under the doctrine of equitable tolling "where a litigant can show that '[s]he has been pursuing [her] rights diligently; and that 'some extraordinary circumstance stood in [her] way.'" *Reape v. Colvin*, No. 1:12-CV-1426, 2015 WL 275865, at *3 (N.D.N.Y. Jan. 22, 2015) (quoting *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal quotation omitted)).  It is the plaintiff's burden to show that equitable tolling is justified. *Id.* (citing *Liranzo v.. Astrue*, No. 07–CV–5074, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010), *aff'd*, 411 F. App'x 390 (2d. Cir. 2011)).  The application of this doctrine is appropriate only in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising [her] rights."

*Zerilli–Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotations omitted). While "equitable tolling is generally warranted only in rare and exceptional circumstances, it is not infrequently appropriate in cases involving social security benefits because Congress intended to be unusually protective of claimants in this area." *Liranzo*, 2010 WL 626791, at *3 (citations omitted).

### B.    Application

The facts regarding plaintiff's application are not disputed. Plaintiff's application was denied on March 27, 2014, by an Administrative Law Judge ("ALJ"), after an administrative hearing. (Dkt. No. 14-2, Declaration of Cristina Prelle ("Prelle Decl.") ¶ 3(a)). Plaintiff requested review of the ALJ's determination. (*Id.*) On September 10, 2015, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (*Id.*; Prelle Decl. at 27-33[2]). A copy of the Appeals Council notice was sent to plaintiff. (Prelle Decl. ¶ 3(a)) The notice informed plaintiff of her right to commence a civil action within sixty days of receipt of that notice, and her right to request an extension of that deadline from the Appeals Council. (Prelle Decl. at 29). With five days added for mailing,[3] those sixty days expired on November 14, 2015. In her unsworn response to defendant's motion, plaintiff states that she did not appeal or request an extension of time within sixty days. (Dkt. No. 15, at 1). Plaintiff filed her complaint on January 9, 2017. (Dkt. No. 1).

---

[2] For ease of reference, the court will cite to pages as assigned by the Case Management/ Electronic Case File (CM/ECF) system.

[3] The Appeals Council notice specifically informs the claimant that receipt of the notice is presumed to be five days after the date on the notice. (Prelle Decl. at 29).

Based on those facts, there is no question that plaintiff's complaint was filed after the statute of limitations had expired.[4] Therefore, unless equitable tolling applies, the case must be dismissed. Although plaintiff did not reference equitable tolling in her response, she did argue that the denial of her application "was very depressing," and her inability to find an attorney who would take her case made her "more and more depressed because I knew something was wrong and could not prove it." (Dkt. No. 15, at 1).

Interpreting the papers in the light most favorable to the pro se plaintiff, this court has considered plaintiff's argument that her deepening depression excused her failure to meet the statute of limitations. While courts may find equitable tolling arises due to depression or other mental impairments, plaintiff must offer some evidence that her mental impairment prevented her from timely filing her complaint, beyond a mere allegation. *See Canales v. Sullivan*, 936 F.2d 755, 759 (2d. Cir. 1991) (requiring evidentiary hearing where plaintiff's sworn statement raised questions of fact regarding application of equitable tolling); *Tuff v. Astrue*, No. 6:12-CV-428 (GTS), 2012 WL 5499450, at *3 (N.D.N.Y. Nov. 13, 2012) (granting motion to dismiss where plaintiff's allegation that mental impairment impeded his ability to file timely complaint was unsupported by record). This court has considered the record provided by both parties, and concludes that equitable tolling does not apply.

Plaintiff has not met her burden of proof to show that equitable tolling should

---

[4] The complaint is dated December 30, 2016, which also falls well outside the statute of limitations.

5

apply, and has not offered any evidence that would suggest a further hearing is necessary.  As part of her complaint, plaintiff provided recent medical records for approximately one year immediately preceding her January 2017 filing date. (Dkt. No. 1-2).  These records show continued treatment for anxiety and depression, but do not suggest that plaintiff mental impairments interfered with her ability to timely file her complaint.  For example, plaintiff's primary care physician described plaintiff in March 2, 2016 treatment notes as having "normal mood and affect . . . [j]udgment and thought content normal . . . . [c]ognition and memory are normal." (Dkt. No. 1-2, at 14).  Treatment notes from March 25, 2016 indicate that plaintiff's "[p]sychiatric depression [is] well controlled." (*Id*. at 23).

Plaintiff's actions from this time period, as described in her response to defendant's motion, also suggest that her mental impairment did not significantly impede her ability to timely seek judicial relief or to request an extension.  For example, plaintiff states that she "applied for Social Security Insurance" after her fibromyalgia diagnosis in February 2016, almost a year prior to filing this complaint. (Dkt. No. 15, at 2).  Plaintiff's reported ability to file a new application with the agency, despite her depression, further weighs against the application of equitable tolling.  Based upon those facts, this court can find no reason to apply equitable tolling to plaintiff's untimely complaint.

Due to the untimeliness of plaintiff's complaint, this court will not review the Commissioner's final decision in this case.  However, plaintiff has raised certain issues that would be outside the scope of judicial review even if the complaint had been timely

6

filed.  For example, in her opposition to defendant's motion, plaintiff cited a March 2, 2016 physician's opinion that plaintiff had fibromyalgia dating back to at least 2008. (Dkt. No. 1-2, at 13).  Plaintiff also provided evidence of her functional limitations as of November 17, 2016. (Dkt. No. 1-2, at 3-6).  By statute, the scope of judicial review in these cases is limited to whether the Commissioner's final decision was supported by substantial evidence in the record, and whether the ALJ used correct legal principles. 42 U.S.C. § 405(g); *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (citations omitted).  Although the court undertakes a full review of the Commissioner's decision, it is not the court's function to make fact findings or determine de novo whether the plaintiff is or was disabled  from evidence that was not before the agency.  *See Petrie v. Astrue*, 412 F. App'x 401, 403 (2d Cir. 2011) (citing *inter alia Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)).  Therefore, to the extent that plaintiff has argued that her functional limitations have increased since the date of the ALJ's March 27, 2014 decision, she may want to consider filing a new application for benefits to address these issues, if she has not  done so already.  *Quinlivan v. Comm'r of Soc. Sec.*, 08-CV-1175 (MAD/VEB), 2011 WL 2413491, at *8 (N.D.N.Y. May 23, 2011) (if the plaintiff suffered an aggravation of an impairment after the ALJ's decision, the proper remedy would be to submit a new application).

    **WHEREFORE**, based on the findings above, it is

    **ORDERED**, that defendant's motion to dismiss (Dkt. No. 9) be **GRANTED**, and it is further

    **ORDERED**, that the court clerk is directed to enter judgment dismissing this

action in favor of Defendant.

Dated:     January 31, 2018

                                                           Hon. Andrew T. Baxter
                                                           U.S. Magistrate Judge